IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Callanetics Management Company, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Elizabeth B. Pinckney, Executor of the Estate of Callan Pinckney and Callan Productions Corporation, <br><br> Defendants. | Case No. 1:13-cv-4359 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Callanetics Management Company, Inc., ("CMC") for its Complaint against Elizabeth B. Pinckney, Executor of the Estate of Callan Pinckney ("Pickney"), and Callan Productions Corporation states as follows:

1. This is a Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201(a), seeking a declaration of rights in connection with ownership and use of the trademark, CALLANETICS, the cancellation of the trademark registrations for the CALLANETICS mark, and a declaration of the rights of the parties in connection with certain copyrights and copyright registrations for books, videocassette recordings and DVD recordings.

2. A genuine controversy exists between the parties' rights of ownership and use of the trademark, CALLANETICS, and the validity of U.S. Trademark Registrations for the trademark, CALLANETICS, as well as the right to reproduce and sell certain copyrighted works and interests in U.S. Copyright Registrations covering these works.

3. Plaintiff, CMC, is an Illinois corporation located at and doing business from its principal place of business in Lake Forest, Illinois.

4. Defendant, Elizabeth B. Pinckney is an individual and the Executor of the Estate of Callan Pinckney who died on March 1, 2012.

5. Callan Pinckney, individually, is the owner of U.S. Trademark Registration Nos. 1,416,973 and 3,323,109 for the mark CALLANETICS used on or in connection with "educational services, namely, conducting courses in physical fitness and exercise," "exercise videos" and "exercise books."  (*See* Exhibits A and B attached).

6. Callan Pinckney, individually, is the owner of copyrights and U.S. Copyright Registrations for books, audiotapes and videotape/motion picture works featuring the Callanetics brand exercise methods. (Exhibit C).

7. On information and belief, the trademark registrations and copyright registrations referenced in Paragraphs 5 and 6 above are currently owned by the Estate of Callan Pinckney.

8. Callan Productions Corporation is, on information and belief, a Georgia Corporation whose principal place of business is located at 644 East 44th Street, Savannah, Georgia.  Further, on information and belief, Elizabeth B. Pinckney is the Chief Executive Officer of the corporation.

9. On information and belief, Callan Production Corporation owns certain copyrights and copyright registrations for books, audio tapes and videotapes/motion pictures featuring Callanetics brand exercises. (Exhibit D).

10. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1338 and 15 U.S.C. § 1121 since the action seeks a declaration of rights which arise under the Lanham Act 15 U.S.C. § 1051, *et seq.*, and the Copyright Act 17 U.S.C. § 101, *et seq*.

11. Venue in this district is properly found pursuant to 28 U.S.C. § 1391(b)(2) since a substantial part of the events giving rise to the claim occurred in this district.

12. Plaintiff's claim is based on 15 U.S.C. §§ 1119 and 1120 of the Lanham Act, and seeks cancellation of the registrations for the trademark CALLANETICS by reason of Defendant Callan Pinckney's false and fraudulent declarations and representations made in writing by her in order to register and maintain the registrations of the trademarks in issue, and which, as a result, have caused damages to Plaintiff. Plaintiff also seeks cancellation of the Trademark Registrations based on Defendant's non-use and abandonment of those trademarks and trademark registrations, as defined in 15 U.S.C. § 1227.

## FACTS GIVING RISE TO THIS ACTION

13. Plaintiff CMC has been since 1993 and is currently in the business of producing and selling videotapes, DVD's, books and audio tapes featuring the Callanetics brand of exercises, and in the business of training and certifying teachers engaged in the instruction of Callanetics method of exercises.

14. Plaintiff has continuously used the CALLANETICS trademark in interstate commerce in connection with those goods and services since 1993 and has expended substantial effort and money promoting, producing, advertising, marketing and selling goods and services using the CALLANETICS mark.

15. Since about 1994, Plaintiff was authorized by Defendant Pinckney and had the right to use the CALLANETICS mark on and in connection with the exercise goods and training services.

16. Since beginning about 1994, Callan Pinckney retired from the business of producing and selling Callanetics brand videos, audio tapes and books, and, on information and belief, did not herself sell any goods or services in connection with the CALLANETICS mark after 1994.

17. Since 1998, CMC has owned the domain address www.callanetics.com and has used that domain and website in connection with its business activities continuously since that date.

18. Defendants, Estate of Callan Pinckney, and Callan Productions Corporation, on or about March 1, 2013 have entered into the business of producing and selling DVD's under the CALLANETICS trademark and copyrights in direct competition with Plaintiff.

19. On information and belief, prior to March 2013, neither Defendant produced or sold in interstate commerce any videotapes, DVDs or books using the CALLANETICS trademark or any copyrighted works since 1994.

20. On April 4, 2011, Callan Pinckney filed suit against Defendant, CMC in the U.S. District Court for the Southern District of Georgia (CV 411-87) claiming CMC infringed Ms. Pinckney's registered U.S. trademark CALLANETICS and infringed Pinckney's alleged U.S. copyrights in certain video works.

21. On May 13, 2013, the Court dismissed the Complaint for want of personal jurisdiction. (Exhibit E).

22. Beginning about April 2011, Defendants have also engaged in a campaign of public statements and communications with Plaintiff's customers, Plaintiff's client resellers and online internet retail sales companies intended to interfere with, diminish and pre-empt Plaintiff's rights and seeking to prevent lawful sales of Callanetics brand products and services by CMC.

23. As a result of Defendants' unlawful acts, Plaintiff has been damaged by lost sales and injury to its reputation and business goodwill.

24. Defendants continue to assert claims of trademark and copyright infringement against Plaintiff in filings with Amazon.com as well as other web-based sales locations, and have asserted those claims in communications to Plaintiff's customers and client resellers.

25. Plaintiff denies that its use of the CALLANETICS trademark violates any common law, federal or state rights which Defendants may have in the CALLANETICS mark or the copyrights identified herein. The use by Plaintiff of the CALLANETICS mark and the copyrighted works is not in violation of any rights Defendants may have pursuant to the Trademark Act and Copyright Act.

26. Defendants' assertions that Plaintiff is violating their legal rights irreparably injures Plaintiff and adversely affects its business and the investment it has made in owning, using and protecting the mark and the copyrights and attendant goodwill associated with CMC's goods and services.

27. Based on the foregoing, there is an actual and substantial controversy between Plaintiff and Defendants who have adverse legal interests.

28. In order to resolve the legal and factual questions raised by Defendants and to afford relief from the uncertainty that Defendants' assertions have precipitated, Plaintiff seeks a declaration of its trademark rights under 28 U.S.C. §§ 2201-2202, and a declaration of its rights under the Copyright Act, 17 U.S.C. § 106.

**PINCKNEY'S TRADEMARK REGISTRATIONS**

29. On January 30, 2007, Callan Pinckney, individually, filed an application with the United States Patent and Trademark Office (USPTO) seeking to register the trademark CALLANETICS for "exercise videos" in International Class 9, and for "exercise books" in International Class 16. (Exhibit B).

30. In the application, Pinckney claimed a first use date of January 1, 1984 for the exercise books and January 1, 1986 for the exercise videos.

31. As evidence of Pinckney's use of the mark on the date of filing in International Class 9, Pinckney submitted a specimen consisting of a "screenshot of Amazon's website which

sells Applicant's product" (Exhibit F) representing that the applicant (Pinckney) was "using the mark in commerce" on that date of filing.

32. On information and belief, the Amazon screenshot does not represent an advertisement for sale by Applicant of the product. On information and belief, the offer for sale represented by the specimen is an offer for sale by an unrelated third party, not the Applicant.

33. As evidence of Pinckney's use in International Class 16, Pinckney submitted a specimen consisting of a "photograph of Applicant's product" and represented that the Applicant was using the mark in commerce on the date of filing (Exhibit G).

34. On information and belief, the photo does not represent any product being sold by Applicant at the time alleged, but instead was being sold by an unrelated third party.

35. On or about January 17, 2007, Callan Pinckney individually owned U.S. Trademark Registration No. 1,416,973 for the mark CALLANETICS used on or in connection with "educational services, namely, conducting courses in physical fitness and exercise" in International Class 41. That registration was issued November 11, 1986 (Exhibit A). The registration was renewed in 1996.

36. Pursuant to 15 U.S.C. §§ 1058 and 1059, in order to maintain the registration, the owner must file an affidavit of continued use and a written application for renewal within one year of the tenth anniversary of the issue date (to wit, between November 11, 2006 and November 11, 2007).

37. On or about November 8, 2006, Callan Pinckney signed a Declaration on oath stating that she was the owner of the mark and "is using or is using through a related company" the mark in connection with the services as evidenced by the specimen attached to that Declaration. (Exhibit H). On or about January 17, 2007, Pinckney caused that Declaration and specimen with the USPTO as evidence of her use of the mark in interstate commerce.

38. On information and belief, the specimen attached to the Declaration was not evidence of use by Callan Pinckney or a related company. Instead, the specimen of use belonged to an unrelated third party, and at the time of the Declaration Pinckney was not using that specimen in connection with her own business. On information and belief, the Callanetics Studio referenced in the specimen had been closed for more than three years prior to the execution of the Declaration by Callan Pinckney and the filing of the Declaration and specimen with the USPTO.

## COUNT I

### Cancellation of Pinckney's Federal Trademark and Service Mark Registrations for Non-Use or Abandonment

39. Plaintiff realleges paragraphs 1 through 38 above and incorporates those allegations as its paragraphs 1-38 of this Count I.

40. Pursuant to 15 U.S.C. § 1119, "[i]n any action involving a registered mark, the Court may . . . order the cancellation of registrations, in whole or in part . . . and otherwise rectify the register with respect to the registrations of any party to the action."

41. Pursuant to 15 U.S.C. § 1064(3), a registration may be cancelled at any time if the Court determines that the registered mark has been abandoned.

42. On information and belief, the Defendant, Callan Pinckney, did not use the CALLANETCIS mark in commerce in the United States on or in connection with the goods and services claimed in the two registrations from 1994 through 2013. Defendant, Pinckney has abandoned the mark and registration within the meaning of 15 U.S.C. § 1127.

43. By reason of the foregoing, Plaintiff is entitled to an order pursuant to 15 U.S.C. § 1119 directing the Director of the Trademark Office to cancel U.S. Registration No. 1,416,973 and U.S. Registration No. 3,323,109.

## COUNT II

### Cancellation of Pinckney's Federal Trademark and
### Service Mark Registrations Service Mark Registrations Based on Fraud

44.     Plaintiff realleges paragraphs 1 through 43 above and incorporates those allegations as its paragraphs 1-43 of this Count II.

45.     Pursuant to 15 U.S.C. § 1119, "[i]n any action involving a registered mark, the Court may . . . order the cancellation of registrations, in whole or in part . . . and otherwise rectify the register with respect to the registrations of any party to the action."

46.     Pursuant to 15 U.S.C. and 1120, "[a]ny person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof."

47.     Pursuant to 15 U.S.C. § 1064(3), a mark may be cancelled at any time if the Court determines that the registration was obtained fraudulently.

48.     In support of the Defendant Pinckney's renewal of Registration 1,416,973 in January 2007, Defendant signed an affidavit of use on oath which stated under penalty of perjury that she was using the mark CALLANETICS in connection with the services identified in the registration, as evidenced by a specimen submitted with the Declaration.

49.     On information and belief, Defendant Pinckney was not using the CALLANETICS mark in commerce in the United State for conducting courses in physical fitness and exercise on the date the affidavit was signed nor the date when the affidavit and specimens were submitted to the USPTO.  Moreover, Defendant Pinckney was not offering those services using the alleged specimen of use submitted as evidence of her use.

50. At the time of the Declaration, November 8, 2006, Pinckney knew that she was not using the mark as alleged, and knew that the specimen submitted was not evidence of her use of the mark in connection with the services.

51. In support of Pinckney's application for registration of the CALLANETICS mark filed on January 30, 2007, Pinckney submitted two specimens of use as evidence of her use of the mark in interstate commerce.

52. On information and belief, at the time of the submission of the Declaration, Defendant Pinckney was not using the mark as alleged and the specimens submitted were not evidence of products being sold by Defendant.

53. Defendant's allegations and statements of use in both trademark office filings were false when made.

54. But for Defendant Callan Pinckney's intentional, false representations of material fact, the USPTO would not have issued Registration No. 3,323,019, nor renewed Trademark Registration No. 1,416,973.

55. Defendant Pinckney made the misrepresentations with the intent to induce the USPTO rely on those statements for the purpose of the USPTO issuing and renewing registrations for the mark.

56. As a result of the false and misleading statements, and in reliance thereon, the USPTO issued Registration Certificate No. 3,323,019 for the CALLANETICS mark on October 30, 2007, and renewed Registration No. 1,416,973 for the CALLANETICS mark in class 41 on January 17, 2007.

57. As a direct and proximate result of Defendant's actions, Plaintiff has been required to expend substantial sums to defend itself against Defendant's claim for trademark infringement. Plaintiff has suffered, and continues to suffer, damage as a result of the USPTO's

issuance and renewal of registrations for the CALLANETICS mark and by its reliance on Pinckney's intentional false and misleading statements and submissions.

58. Defendant's intentional misrepresentations constitute fraud on the USPTO, and accordingly the Court should order that those registrations be cancelled pursuant to 15 U.S.C. § 1119, and damages awarded to Plaintiff pursuant to 15 U.S.C. § 1120.

### COUNT III

**Declaration of Plaintiff's Right to Non-Exclusive License to Copyrighted Works**

59. Plaintiff realleges paragraphs 1 through 58 above and incorporates those allegations as its paragraphs 1-58 of this Count III.

60. Beginning as early as 1994, Defendant, Callan Pinckney, granted permission to CMC to reproduce, distribute, publicly display and otherwise act in the same manner as the owner of the copyrights in the Callanetics brand videotape programs and books.

61. The rights granted to CMC by Callan Pinckney and her authorized agents and the corporate entities owned or controlled by her were inclusive of all of the owner's rights in the copyrighted works described in 17 U.S.C. § 106.

62. Pinckney placed no restrictions or limitations on CMC's exercise of the rights granted. In fact, Pinckney specifically directed CMC to take ownership and control over the management and business of the Callanetics brand exercise training services and the reproduction and sales of videos and books beginning in about 1994.

63. As consideration for the grant of rights, CMC agreed to manage, operate and control all of the properties and to resolve pending disputes and claims against defendants and further to pay, if necessary, any and all claims associated with Pinckney's failed franchise enterprise known as Callanetics Franchise Corporation, a Colorado corporation principally owned, managed or controlled by Callan Pinckney.

64. CMC performed all of the obligations it promised to perform in resolving disputes and settling and winding-up the business affairs of Callanetics Franchise Corporation, including the payment of substantial sums of money to manage, control and operate the business and to settle claims against the Defendant's company.

65. Although neither Pinckney nor her company, Callan Productions Corporation, provided written documentation transferring the copyrights in the works to CMC, Defendants together and individually, gave and vested in CMC all the indicia of ownership and exclusive rights under 17 U.S.C. § 106.

66. For nearly 20 years, CMC has acted as the exclusive owner of all right, title and interest in copyrights in the works, including enforcement of those copyrights against infringers, and otherwise exercising all of the rights under 17 U.S.C. § 106.

67. At all times material, Pinckney and Callan Production Corporation knew of CMC's activities, actively encouraged those activities and willingly permitted CMC to expend funds and develop and exploit and enforce ownership rights in the copyrighted works.

68. Based on the foregoing and the totality of the parties' conduct extending over more than 15 years, Defendants intended to grant and did grant orally, permission and an irrevocable, non-exclusive license to CMC to exercise all of the rights under Section 106 of the Copyright Act without restriction or limitation.

69. Beginning in about 2005, CMC requested Pinckney's permission to create, write, produce and direct two new exercise DVDs based on the original Callanetics exercise method. Defendant Pinckney encouraged and agreed to allow CMC to produce the DVDs.

70. At CMC's own expense, it produced two exercise DVDs entitled *CardioCallanetics* and *CallenticsEvolution*. All right, title and interest in those works, including the copyrights and copyright registrations, are owned by CMC. (Exhibit I).

71. In or about 2011, Defendant, Callan Pinckney, for the first time ever, asserted that CMC's actions over the prior 15 years were not permitted and filed suit against Plaintiff for Copyright Infringement in the U.S. District Court for the Southern District of Georgia (CV411-87).

72. A real and substantial controversy exists between Plaintiff and Defendants concerning the rights in those works and the copyrights in those works.

73. Plaintiff seeks a declaration of rights, including but not limited to, a declaration that CMC owns and maintains a non-exclusive, irrevocable right and license to exercise all the exclusive rights under 17 U.S.C. § 106, including but not limited to reproduce and sell the copyrighted works and any and all derivatives thereof.

Plaintiff requests that the Court enter a declaratory judgment in favor of Plaintiff on Counts I, II, and III of this Complaint and order that:

    A. Defendant, Estate of Callan Pinckney's, trademark Registration Nos. 1,416,973 and 3,323,109 be cancelled;

    B. Order that U.S. Registration Nos. 1,416,973 and 3,323,109 be cancelled and direct the Clerk of the Court to transmit notice of the Order to the Director of the U.S. Trademark Office of the USPTO for cancellation thereof;

    C. Plaintiff, CMC be granted ownership of and/or the exclusive right to use the CALLANETCS trademark on or in connection with its goods and services free from any claims or interference by Defendants their agents, employees, attorneys, privies, representatives, heirs, successors and assigns and any and all persons in active concert or participation with or under authority of the Defendants;

   D. Plaintiff, CMC, be granted an irrevocable, non-exclusive right and license exercise all rights under 17 U.S.C. § 106, including the rights to reproduce, make derivative works, publically display and publicly perform the copyrighted works;

   E. Defendants themselves and their respective officers, agents, employees, attorneys, privies, representatives, heirs, successors and assigns, and all those in active concert or participation with or under authority from Defendants, be enjoined permanently from: (a) interfering with or threatening to interfere with Plaintiff's ownership and/or use of the CALLANETICS trademark in connection with CMC's business, and (b) claiming or instituting or prosecuting any suit or other proceeding placing in issue the right of Plaintiff, or its related companies or its client resellers, and their successors or assigns, to register or use the CALLANETICS trademark, or to exercise all of the rights under 17 U.S.C. § 106 in the copyrights;

   F. Plaintiff be awarded its damages;

   G. Plaintiff be awarded its costs and attorney's fees under 15 U.S.C. § 1117; and 17 U.S.C. § 505; and

   H. Plaintiff be granted such other relief as may be proper and just.

Plaintiff demands trial by jury on all issues so triable.

          Respectfully submitted,

          */s/ William .L. Niro*
          William L. Niro (wniro@nshn.com)
          Christopher W. Niro (cwniro@nshn.com)
          Ashley E. LaValley (alavalley@nshn.com)
          NIRO, HALLER & NIRO
          181 West Madison Street, Suite 4600
          Chicago, IL 60602
          Telephone: (312) 236-0733
          Fax: (312) 236-3137

          ***Attorneys for Plaintiff***